JOHN CORLES and WIFE vs. PHILIP LASHLEY and JOHN ABBOTT.

When, on the foreclosure of a mortgage, an execution had been issued, which by mistake directed the sale of land not included in complainant's mortgage, nor described in his bill, and by virtue of which the sheriff had sold such land, an injunction will issue to restrain the sheriff from delivering the deed.

On a sheriff's sale of land consisting of different parcels, the general rule is, that if the land is plainly divisible, it should be sold in different parcels, so as to secure the highest price.

Motion to dissolve an injunction.

*J. M. Scovel*, for the motion.

*Cannon*, contra.

THE CHANCELLOR. The bill was filed by the complainants to restrain the delivery of a deed by the sheriff of Gloucester to Philip Lashley for three tracts of land, sold by him on the fourth of October, eighteen hundred and sixty-two, by virtue of an execution issued out of the Gloucester Circuit Court. The defendants, having answered the bill, now move to dissolve the injunction.

There is no dispute as to the material facts of the case upon which the complainants' equity rests. On the third of March, eighteen hundred and sixty-two, a bill was filed in the Gloucester Circuit by Philip Lashley to foreclose a mortgage, dated on the fourth of April, eighteen hundred and fifty-seven, given by James M. Muller and wife to John

Lashley, jun., to secure the payment of twelve hundred dollars, and by the mortgagee assigned to Philip Lashley. The mortgage covered two tracts of land, the one containing seventy-one acres, and the other containing sixty-eight acres and ninety-eight hundredths of an acre. The bill described the mortgaged premises, and prayed a decree for foreclosure and sale. John Abbott held a prior mortgage, given by John Lashley, jun., upon the same premises, and also upon a third tract, containing one hundred and ten acres. He was made a defendant to Lashley's bill of complaint, and by his answer he claimed to be a prior encumbrancer upon the premises described in the complainants' bill.

The master reported that the two mortgages were upon the same premises, and a decree was made, pursuant to the prayer of the bill, for the sale of the premises covered by the complainants' mortgage. An execution thereupon issued, not only for the sale of the premises covered by the complainants' mortgage, but also for the sale of the one hundred and ten acre tract included in Abbott's mortgage, but not covered by the mortgage of Lashley, the complainant. The sheriff advertised the three tracts for sale, as required by the execution, and on the day of sale the entire premises were offered and struck off as one tract to Philip Lashley for five hundred dollars.

At the time the bill of foreclosure was filed, the title to the one hundred and ten acre tract was in Mary Corles, the wife of John Corles, who are complainants in this suit. Neither Mary Corles, nor her husband, nor her immediate grantor, who acquired title to the one hundred and ten acre tract on the sixth of January, 1858, were parties to the bill of foreclosure.

It is evident, upon this statement of facts, that the land of Corles and wife has been sold by virtue of an execution which was not authorized by the decree nor by any of the previous proceedings in the cause. The decree properly conformed to the prayer of the bill. It directs a sale only of the premises described in the bill. The decree never is,

and upon obvious principles cannot be broader than the prayer for relief. If it is essential to the purposes of equity that land not covered by the complainants' mortgage should be sold under the decree, the bill, both in its statements and in its prayer, must be framed accordingly. The whole difficulty has arisen from a misapprehension as to the extent of the premises covered by Abbott's mortgage. It was no doubt understood to cover precisely the same premises as were included in Lashley's mortgage. This accounts for the frame of the bill and of the decree and of the mistake in the master's report.

It was suggested, upon the argument, that the injunction might be retained as to the one hundred and ten acre tract owned by Mary Corles, and dissolved as to the land actually covered by the decree. But this would serve only to embarrass and complicate still further the rights of the parties. Had the different tracts been sold separately, that course might perhaps have been adopted. But they were sold for one gross sum. How is the price for which the one hundred and ten acre tract was sold to be determined? and how is the consideration which the purchaser is to pay for the remaining tracts to be ascertained? Besides, there are equities subsisting between the owners of the different tracts which can only be settled by a proper decree.

The mode of sale appears to have been improper. The land, though held in distinct tracts by different owners, was sold in one entire parcel. The general rule is, that if the land is plainly divisible, it should be sold in different parcels, so as to secure the highest price. *Woods* v. *Monell*, 1 *Johns. Ch. R.* 505; *Merwin* v. *Smith*, 1 *Green's Ch. R.* 196.

But this point is not relied on as a ground for sustaining the injunction.

The injunction must be retained, and an opportunity afforded to have the errors in the proceedings corrected.